IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JONATHON COLLINS ) | | CASE NO. |
| 2590 Yates Avenue ) | | |
| Grove City, Ohio 43123, ) | | JUDGE: |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | | **COMPLAINT FOR DAMAGES** |
| ) | | **AND INJUNCTIVE RELIEF** |
| COLUMBUS ELECTRIC, INC. ) | | |
| 405 N Brice Road ) | | **JURY DEMAND ENDORSED** |
| Blacklick, Ohio 43004 ) | | **HEREIN** |
| ) | | |
| **Serve Also:** ) | | |
| Columbus Electric, Inc. ) | | |
| c/o Andrew Cooke ) | | |
| 260 Market Street, Suite F ) | | |
| New Albany, Ohio 43054 ) | | |
| ) | | |
| Defendant. ) | | |

Plaintiff, Jonathon Collins, by and through undersigned counsel, as his Complaint against Defendant Columbus Electric, Inc. d/b/a Mr. Electric ("Mr. Electric"), states and avers the following:

**PARTIES, VENUE, & JURISDICTION**

1. Collins is a resident of the city of Grove City, Franklin County, Ohio.

2. At all times herein, Collins was acting in the course and scope of his employment.

3. Mr. Electric is a domestic corporation for profit that does business at 405 N Brice Road, Blacklick, Franklin County, Ohio 43004.

4. Mr. Electric is and, at all times herein, was an employer within the meaning of the Employee Polygraph Protection Act ("EPPA"), 29 U.S.C. § 2001 *et seq.*

5. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Collins is alleging a Federal Law Claim under EPPA.

6. All material events alleged in this Complaint occurred in Franklin County, Ohio.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## FACTS

8. On or about November 27, 2017, Collins began working for Mr. Electric.

9. Mr. Electric employed Collins as a service electrical technician.

10. At all times herein, Collins was qualified for the position of service electrical technician.

11. On or about April 8, 2021, a customer alleged that someone had stolen property from her home ("Report of Theft").

12. Collins did not steal any property from a customer's home.

13. After the Report of Theft, Mr. Electric suspended Collins.

14. After the Report of Theft, Collins voluntarily submitted to questioning by Mr. Electric.

15. Mr. Electric did not find any wrongdoing by Collins.

16. After the Report of Theft, Collins voluntarily submitted to questioning by the Westerville Police Department.

17. The Westerville Police Department did not find any wrongdoing by Collins.

18. On or about April 22, 2021, Collins returned to work.

19. On or about April 22, 2021, Mr. Electric ended Collins's suspension because Mr. Electric found no wrongdoing by Collins.

20. On or about April 22, 2021, Mr. Electric did not suspect Collins of being involved in any theft.

21. On or about April 27, 2021, Len Dolley called Collins and requested for Collins to take a polygraph test ("Polygraph Request").

22. Dolley was operations manager for Mr. Electric.

23. In response to the Polygraph Request, Collins told Dolley that he believed that EPPA protected him from having to take a polygraph test.

24. On or about April 27, 2021, Collins told Dolley that he declined to take a polygraph test.

25. Mr. Electric is not the United States Government, any State or local government, or any political subdivision of a State or local government.

26. Mr. Electric is not under contract to the Department of Defense or any employee of any contractor of such Department.

27. Mr. Electric is not under contract with the Department of Energy in connection with the atomic energy defense activities of such Department or any employee of any contractor of such Department in connection with such activities.

28. Mr. Electric is not under contract with any agency of the federal government.

29. Mr. Electric does not provide armored car personnel.

30. Mr. Electric does not provide personnel who engage in the design, installation, and maintenance of security alarm systems.

31. Mr. Electric does not provide uniformed or plainclothes security personnel.

32. Mr. Electric is not authorized to manufacture, distribute, or dispense a controlled substance listed in schedule I, II, III, or IV of section 812 of Title 21.

33. Mr. Electric did not make the Polygraph Request in connection with an ongoing investigation involving economic loss or injury to the employer's business.

34. Mr. Electric did not have a reasonable suspicion that Collins was involved in a theft.

35. Mr. Electric did not provide Collins with an executed statement setting forth with particularity the specific incident or activity being investigated and the basis for testing particular employees.

36. Mr. Electric did not provide Collins with an executed statement identifying the specific economic loss or injury to the business of the employer.

37. Mr. Electric did not provide Collins with an executed statement indicating that Collins had access to the property that was the subject of an investigation.

38. Mr. Electric did not provide Collins with an executed statement describing the basis of the Mr. Electric's reasonable suspicion that Collins was involved in the incident or activity under investigation.

39. On or about April 28, 2021, Ryan Casey sent Collins a text message requesting for Collins to come into the office for a meeting.

40. Casey was an assistant manager for Mr. Electric.

41. On or about April 28, 2021, Collins went to the office to meet with Casey ("Termination Meeting").

42. Casey and a manager, Joe (Last Name Unknown), attended the Termination Meeting.

43. At the Termination Meeting, Casey and Joe LNU told Collins that Mr. Electric was terminating Collins's employment.

44. After the Termination Meeting, Heather McNamee alleged that Mr. Electric suspended Collins indefinitely, instead of terminating his employment.

45. McNamee was human resources manager for Mr. Electric.

46. On or about April 28, 2021, Mr. Electric terminated Collins's employment ("Termination").

47. The Termination was an adverse employment action.

48. The Termination was an adverse action.

49. In the alternative, on or about April 28, 2021, Mr. Electric suspended Collins ("Suspension").

50. The Suspension was an adverse employment action.

51. The Suspension was an adverse action.

52. Collins never returned to work after the Suspension.

53. At the Termination Meeting, Casey and Joe LNU alleged that the reason for the Termination was that Collins refused to take a polygraph test ("Stated Reason").

54. The Stated Reason, if true, violates EPPA.

55. Mr. Electric has a progressive disciplinary policy ("Discipline Policy").

56. A verbal warning is the lowest level of discipline in the Discipline Policy.

57. Collins did not receive a verbal warning before the Termination.

58. A written warning is a higher level of discipline than a verbal warning in the Discipline Policy.

59. Collins did not receive a written warning before the Termination.

60. A termination is the highest level of discipline in the Discipline Policy.

61. Mr. Electric knowingly skipped progressive disciplinary steps in terminating Collins.

62. Mr. Electric knowingly terminated Collins's employment.

63. Mr. Electric knowingly took an adverse employment action against Collins.

64. Mr. Electric knowingly took an adverse action against Collins.

65. Mr. Electric intentionally skipped progressive disciplinary steps in terminating Collins.

66. Mr. Electric intentionally terminated Collins's employment.

67. Mr. Electric intentionally took an adverse employment action against Collins.

68. Mr. Electric intentionally took an adverse action against Collins.

69. Mr. Electric knew that skipping progressive disciplinary steps in terminating Collins would cause Collins harm, including economic harm.

70. Mr. Electric knew that terminating Collins would cause Collins harm, including economic harm.

71. Mr. Electric willfully skipped progressive disciplinary steps in terminating Collins.

72. Mr. Electric willfully terminated Collins's employment.

73. Mr. Electric willfully took an adverse employment action against Collins.

74. Mr. Electric willfully took an adverse action against Collins.

75. On or about April 28, 2021, Mr. Electric disciplined Collins because he declined to take or submit to a lie detector test.

76. On or about April 28, 2021, Mr. Electric terminated Collins's employment because he declined to take or submit to a lie detector test.

77. As a direct and proximate result of Mr. Electric's conduct, Collins suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## COUNT I: VIOLATION OF EPPA

78. Collins restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

79. On or about April 27, 2021, Collins told Dolley that he declined to take a polygraph test.

80. Mr. Electric is not the United States Government, any State or local government, or any political subdivision of a State or local government.

81. Mr. Electric is not under contract to the Department of Defense or any employee of any contractor of such Department.

82. Mr. Electric is not under contract with the Department of Energy in connection with the atomic energy defense activities of such Department or any employee of any contractor of such Department in connection with such activities.

83. Mr. Electric is not under contract with any agency of the federal government.

84. Mr. Electric does not provide armored car personnel.

85. Mr. Electric does not provide personnel who engage in the design, installation, and maintenance of security alarm systems.

86. Mr. Electric does not provide uniformed or plainclothes security personnel.

87. Mr. Electric is not authorized to manufacture, distribute, or dispense a controlled substance listed in schedule I, II, III, or IV of section 812 of Title 21.

88. Mr. Electric did not make the Polygraph Request in connection with an ongoing investigation involving economic loss or injury to the employer's business.

89. Mr. Electric did not have a reasonable suspicion that Collins was involved in a theft.

90. Mr. Electric did not provide Collins with an executed statement setting forth with particularity the specific incident or activity being investigated and the basis for testing particular employees.

91. Mr. Electric did not provide Collins with an executed statement identifying the specific economic loss or injury to the business of the employer.

92. Mr. Electric did not provide Collins with an executed statement indicating that Collins had access to the property that was the subject of an investigation.

93. Mr. Electric did not provide Collins with an executed statement describing the basis of Mr. Electric's reasonable suspicion that Collins was involved in the incident or activity under investigation.

94. On or about April 28, 2021, Mr. Electric disciplined Collins because he declined to take or submit to a polygraph test.

95. On or about April 28, 2021, Mr. Electric terminated Collins's employment because he declined to take or submit to a polygraph test.

96. As a direct and proximate result of Mr. Electric's conduct, Collins suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

**DEMAND FOR RELIEF**

WHEREFORE, Plaintiff Collins respectfully requests that this Honorable Court grant the following relief:

(a) Issue a permanent injunction:

    (i) Requiring Mr. Electric to abolish discrimination, harassment, and retaliation;

    (ii) Requiring allocation of significant funding and trained staff to implement all changes within two years;

    (iii) Requiring removal or demotion of all supervisors who have engaged in discrimination, harassment, or retaliation, and failed to meet their legal responsibility to investigate complaints promptly and/or take effective action to stop and deter prohibited personnel practices against employees;

    (iv) Creating a process for the prompt investigation of discrimination, harassment, or retaliation complaints; and

    (v) Requiring mandatory and effective training for all employees and supervisors on discrimination, harassment, and retaliation issues, investigations, and appropriate corrective actions;

(b) Issue an order requiring Mr. Electric to restore Collins to one of the positions to which he was entitled by virtue of his application and qualifications, and expunge his personnel file of all negative documentation;

(c) An award against Defendant of compensatory and monetary damages to compensate Collins for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(d) An award of punitive damages against Defendant in an amount in excess of $25,000;

(e) An award of reasonable attorneys' fees and non-taxable costs for Collins claims as allowable under law;

(f) An award of the taxable costs of this action; and

(g) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

*/s/ Trisha Breedlove*
Trisha Breedlove (0095852)
Paul Filippelli (0097085)
**THE SPITZ LAW FIRM, LLC**
1103 Schrock Road, Suite 307
Columbus, Ohio 43229
Phone: (216) 291-4744
Fax:    (216) 291-5744
Email: trisha.breedlove@spitzlawfirm.com
Email: paul.filippelli@spitzlawfirm.com
*Attorneys for Plaintiff Jonathon Collins*

## JURY DEMAND

Plaintiff Collins demands a trial by jury by the maximum number of jurors permitted.

*/s/ Trisha Breedlove*
Trisha Breedlove (0095852)
Paul Filippelli (0097085)